# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY VISTA METHODIST HEIGHTS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DENISE BENZ, et al., <br><br> Defendants. | Case No.: 18-CV-2246 W (MSB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE [DOC. 12]** |

Pending before the Court is Plaintiffs' motion to strike portions of Defendants' Answer. [Doc. 12.] Defendants oppose. [Doc. 13.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court grants in part and denies in part Plaintiffs' motion.

//
//
//
//
//
//
//

1

## I. BACKGROUND

On September 26, 2018, Plaintiffs Bay Vista Methodist Heights Inc. and Synergy Cowork Centre, LLC filed a complaint against Defendants Denise Benz, Denise Benz Business Consultant and Talent Agency, and Authentic Speakers Agency, alleging: (1) misappropriation of trade secrets; (2) violation of 18 U.S.C. § 1836, et seq.; (3) violation of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of Cal. Bus & Prof. Code § 17200, et seq.; (5) breach of fiduciary duty and the duty of loyalty; (6) interference with prospective economic relations; (7) conversion; (8) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (9) violation of Cal. Penal Code § 502; and (10) violation of Cal. Penal Code § 632. (*Compl.* [Doc. 1].)

On November 21, 2018, Defendants filed an Answer. (*Answer* [Doc 10].) The Answer included an introduction section that alleged, *inter alia*, criminal activity by a family member of a Bay Vista executive, untethered to any claims for relief in the Complaint. (*See Answer* [Doc. 10] 1:14–3:13.)

On December 12, 2018, Plaintiffs filed a motion to strike this introduction section from the Answer, along with all twenty-seven of the Answer's affirmative defenses. (*Pls.' Mot. to Strike* [Doc 12].) Defendants' opposition to that motion repeated the inflammatory material from the Answer virtually word-for-word. (*Defs.' Opp'n* [Doc. 13] 4:14–6:13.) For the reasons that follow, the motion to strike will be granted.

//
//
//
//
//
//
//
//
//

## II. LEGAL STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court may act . . . on its own[,] or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id. " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .' " Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994)). Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. See Dunmore, 2010 WL 5200940, at *3. " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " Whittlestone, 618 F.3d at 974 (quoting Fogerty, 984 F.2d at 1527). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation omitted). "Scandalous matters are allegations that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court." Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004)).

//
//
//
//
//

## III. DISCUSSION

### A. Immaterial, Impertinent, and Scandalous Matter

The allegations in the introductory portion of Defendants' Answer (and repeated almost verbatim in the opposition to the instant motion) are untethered to the claims in the Complaint and unnecessarily reflect on the moral character of nonparties. (*See Answer* [Doc. 10] 1:14–3:13; *Defs.' Opp'n* [Doc. 13] 4:14–6:13.) Defendants attempt to justify the material's inclusion by stating that "Plaintiff's Complaint is a searing attack on Ms. Benz[,]" that "the [i]ntroduction provides context for the Court to understand both sides' positions at the outset of the case[,]" and "[t]he [i]ntroduction sets forth bases for impeachment of Defendants' witnesses at trial." (*Defs.' Opp'n* [Doc. 13] 1:8–24.) This is not persuasive. The material does not need to be filed in an answer in order for it to be used in impeachment.[1]

The material has no place in the Answer, or in an opposition to a motion to strike. It does not belong. The above-referenced sections will be stricken from both documents as immaterial, impertinent, and scandalous. See Fed. R. Civ. P. 12(f).

### B. Affirmative Defenses

Plaintiffs move to strike the affirmative defenses contained within the Answer. (*Pls.' Mot.* [Doc. 12-1] 6–8.) They do not provide any reasoning as to why the defenses might be insufficient other than to group all 27 defenses together and argue generally that the facts in the Answer are insufficient to put them on notice. As Plaintiffs fail to demonstrate that the defenses are insufficient, the motion to strike them will be denied without prejudice. See Fed. R. Civ. P. 12(f).

//
//

---

[1] The Court does not now decide the admissibility of this matter for the purposes of impeachment.

## IV. CONCLUSION & ORDER

Plaintiffs' motion to strike is **GRANTED IN PART AND DENIED IN PART**. [Doc. 12.]

Specifically, it is **GRANTED** as to the introduction section of the Answer.

It is **DENIED WITHOUT PREJUDICE** as to the affirmative defenses.

**IT IS SO ORDERED.**

Dated: February 6, 2019

Hon. Thomas J. Whelan
United States District Judge