# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY VISTA METHODIST HEIGHTS, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DENISE BENZ, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 18-CV-2246 W (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO SEAL [DOC. 26]; AND**<br><br>**(2) GRANTING JOINT MOTION TO CONTINUE HEARING ON DEFENSE COUNSEL'S MOTION TO WITHDRAW [DOC. 27]** |

Pending before the Court are: (1) a joint motion to seal the stricken portions of the answer and the opposition to a motion to strike [Doc. 26]; and (2) a joint motion to continue the hearing date on defense counsel's motion to withdraw. [Doc. 27.] The Court decides the matters without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** both joint motions.

//
//
//
//

1

# I. LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. San Jose Mercury News, Inc. v. U.S. Dist. Court– N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See San Jose Mercury News, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991)

("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

## II. DISCUSSION

### A. Joint Motion to Seal

Parties jointly move to seal the previously stricken material in the Answer and Defendants' opposition to the motion to strike. [Doc. 26.]

As discussed in this Court's February 6 order, the material in question alleges criminal activity by a nonparty, untethered to the claims in the Complaint. It unnecessarily reflects on the moral character of a third party. It has been stricken. (*See Feb. 6, 2019 Order* [Doc. 19].)

Parties seek to seal only portions of the documents in question, leaving the rest publicly accessible. (*Id.* [Doc. 26] 1:17–23.) It is not possible for the Court to seal only portions of the documents. However, as sufficiently important countervailing reasons exist to overcome the presumption of public access, the documents will be sealed. See San Jose Mercury News, 187 F.3d at 1102.

Defendants shall file appropriately redacted, publicly accessible copies of the documents. These redacted versions will be filed by **Friday, March 1, 2019**.

### B. Joint Motion to Continue Hearing on Defense Counsel's Motion to Withdraw

Parties jointly move to continue the hearing date of defense counsel's motion to withdraw [Doc. 18] from March 4, 2019 to April 8, 2019. (*Joint Mot. for Extension* [Doc. 27].) Good cause appearing, this application will be granted.

//
//
//
//

## III. CONCLUSION & ORDER

The joint motion to file under seal is **GRANTED**. [Doc. 26.] Defendant's Answer and the opposition to the motion to strike are sealed. [Docs. 10, 13.]

Defendants are ordered to file appropriately redacted copies of the documents in question. Such documents must be filed by **Friday, March 1, 2019**.

The joint motion to continue the hearing date on defense counsel's motion to withdraw is **GRANTED**. [Doc. 27.] The hearing date on the motion to withdraw [Doc. 18] is now **Monday, April 8, 2019**. The briefing deadlines will be controlled by the local rules.

**IT IS SO ORDERED.**

Dated: February 22, 2019

Hon. Thomas J. Whelan
United States District Judge